# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN M. MCDANIEL,<br><br>                  Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                  Defendant. | Case No. 5:16-CV-00869 (VEB)<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In June of 2011, Plaintiff Brian M. McDaniel applied for Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the application.[1] Plaintiff, represented by the Law Offices of

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Lawrence D. Rohlfing, Steven G. Rosales, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12, 22). On December 12, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 21).

## II. BACKGROUND

Plaintiff applied for benefits on June 10, 2011, alleging disability beginning May 5, 2011. (T at 222-28).[2] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On January 23, 2013, a hearing was held before ALJ Marti Kirby. (T at 32). Plaintiff appeared with an attorney and testified. (T at 36-49). The ALJ also received testimony from Sandra Fioretti, a vocational expert (T at 49-52).

On January 28, 2013, the ALJ issued a written decision denying the application for benefits. (T at 92-107). The Appeals Council thereafter granted Plaintiff's request for review, vacated the ALJ's decision, and remanded the matter for further proceedings. (T at 108-112).

---

[2] Citations to ("T") refer to the administrative record at Docket No. 16.

A second hearing was held before the same ALJ on July 24, 2014. (T at 53). Plaintiff appeared with an attorney and testified. (T at 58-64, 67-68). The ALJ received testimony from David Rinehart, a vocational expert. (T at 66-67, 68-73). The ALJ issued a second decision on October 1, 2014, denying the application for benefits. (T at 6-29).

The ALJ's second decision became the Commissioner's final decision on February 25, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

On April 29, 2016, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on September 27, 2016. (Docket No. 15). Plaintiff filed a supporting memorandum on November 15, 2016. (Docket No. 20). The Commissioner filed an opposing memorandum on December 19, 2016. (Docket No. 23).

After reviewing the pleadings, the parties' memoranda, and administrative record, this Court finds that the Commissioner's decision should be affirmed and this case must be dismissed.

## III. DISCUSSION

### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a

medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

7

DECISION AND ORDER – MCDANIEL v BERRYHILL 5:16-CV-00869-VEB

## C. Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 2, 2011 (the application date). (T at 11). The ALJ found that Plaintiff's irritable bowel syndrome, degenerative joint disease of the right knee, neuropathy, restless leg syndrome, and unexplained complaints of lower back pain were "severe" impairments under the Act. (Tr. 11).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 14).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), as follows: he can lift/carry 20 pounds occasionally and 10 pounds frequently; he can stand/walk for 6 hours in an 8-hour workday (no more than 20 minutes at a time); he can sit for 6 hours in an 8-hour workday (with brief position changes after 30 minutes); he can frequently perform all postural activities; he needs ready access to a restroom (i.e. in the same building), with permission to use the bathroom every 1 to 3 hours for 10-15 minutes at a time; he can frequently perform fine and gross manipulation. (T at 14).

The ALJ found that Plaintiff could not perform his past relevant work as a sales clerk and stock clerk. (T at 21). Considering Plaintiff's age (37 on the

application date), education (at least high school), work experience, and residual functional capacity, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 21-22).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from June 2, 2011 (the application date) through October 1, 2014 (the date of the ALJ's decision). (T at 22-23). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

### IV. ANALYSIS

Plaintiff offers a single argument in support of his claim that the Commissioner's decision should be reversed. Plaintiff challenges the ALJ's step five analysis.

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. See

DECISION AND ORDER – MCDANIEL v BERRYHILL 5:16-CV-00869-VEB

*Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995).

Here, the ALJ relied on the vocational expert's testimony at step five and concluded that there were jobs that exist in significant numbers that Plaintiff can perform. (T at 21-22).

Plaintiff challenges the ALJ's reliance on the vocational expert opinion, arguing that the ALJ was obliged to resolve a conflict between the vocational expert's testimony and the *Dictionary of Occupational Titles* ("DOT").[3] In particular, the ALJ asked about a hypothetical claimant with Plaintiff's RFC, which included the need for a sit/stand option and access to a restroom. (T at 68-72). The vocational expert identified several positions that a hypothetical claimant with that RFC could perform: information clerk, office helper, small products assembler, shoe packer, hand packager. (T at 22, 70-72). The vocational expert said that his testimony was consistent with the DOT. (T at 72).

---

[3] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n. 8 (9th Cir. 2007)(citing 20 C.F.R. § 416.966(d)(1)).

It is well-settled that the ALJ has a duty to inquire about "any possible conflict" between the vocational expert's testimony and the DOT. *See* SSR 00-4p; *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007). If there is such a conflict, the ALJ may accept the vocational expert's testimony only if there is "persuasive evidence to support the deviation." *Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)).

Cases involving the need for a "sit/stand" option are complicated by the fact that the DOT does not address the subject. *See Wester v. Colvin*, No. 14-1212, 2015 U.S. Dist. LEXIS 100542, 2015 WL 4608139, at *4 (C.D. Cal. July 31, 2015) ("The DOT provides no information regarding the availability of a sit/stand option or other need to shift positions between sitting and standing during the workday for any of the jobs it covers.").

As such, the question presented is whether the vocational expert's testimony that a hypothetical claimant could perform certain jobs even though he needed a sit/stand option and restroom access "conflicts" with the DOT, which is silent on the subject.

There is no controlling Ninth Circuit authority on point and the courts are divided. *Compare Buckner-Larkin v. Astrue*, 450 F. App'x 626, 628-29 (9th Cir.

2011)(unpublished)(holding that vocational expert adequately addressed "conflict" between at-will sit/stand option and DOT), *Lorigo v. Colvin*, No. 13-cv-0045, 2014 U.S. Dist. LEXIS 54418 (E.D. Cal. Apr. 18, 2014)(holding that VE's testimony "encapsulat[ing] a sit/stand option automatically deviated from the DOT"), *Valenzuela v. Astrue*, No. C 08-04001 WHA, 2009 U.S. Dist. LEXIS 46249 (N.D. Cal. June 2, 2009)(finding "potential[]" conflict between sit/stand requirement and VE's testimony and remanding because ALJ did not ask whether VE's testimony was consistent with DOT); *with Dewey v. Colvin*, No. 13-36086, 2016 U.S. App. LEXIS 9655 (9th Cir. May 26, 2016)(unpublished)(finding "no conflict" because "the DOT is silent on whether the jobs in question allow for a sit/stand option"); *Gilmour v. Colvin*, No. 1:13-cv-0553 BAM, 2014 U.S. Dist. LEXIS 103891, 2014 WL 3749458, at *8 (E.D. Cal. July 29, 2014)(finding no conflict regarding sit/stand requirement given DOT's silence); *Aguilar v. Colvin*, No. ED CV 15-00576-DFM, 2016 U.S. Dist. LEXIS 123501 *5 (C.D. Cal. Sept. 12, 2016)(same).

This Court agrees with the decisions (including the recent unpublished decision from the Ninth Circuit) finding that there can be no conflict between the vocational expert's testimony and the DOT where, as here, the DOT is silent on the subject in question. *See e.g.*, *Dewey*, 2016 U.S. App. LEXIS 9655; *Doty v. Colvin*, No. CV 15-00507, 2016 U.S. Dist. LEXIS 35618, at *15 (C.D. Cal. Mar. 18, 2016)

(collecting cases and "agree[ing] with the decisions from other circuits and district courts that have found no conflict when the DOT is silent about a particular mental or physical requirement"); *Strain v. Colvin*, CV 13-01973, 2014 U.S. Dist. LEXIS 76395 at *5 (C.D. Cal. June 2, 2014)("Because the DOT does not address the subject of sit/stand option, it is not apparent that the testimony of the VE conflicts with the DOT. Furthermore, the VE's testimony based on the sit/stand restriction does not conflict with the DOT but instead provides 'more specific information than is contained in the DOT . . . .'")(citation omitted).

Moreover, even if there was such a conflict, the ALJ provided adequate support for his step five determination. Plaintiff raises no challenge to the credentials or expertise of the vocational expert, Mr. Rinehart, who is a certified vocational expert with more than three decades of experience in vocational evaluation. (T at 66, 219-21). Mr. Rinehart testified that his assessment was consistent with the DOT (T at 72) and the ALJ reasonably relied on his expertise as part of the step five analysis. This Court thus finds no reversible error.

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective

medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and substantial evidence supports the Commissioner's decision.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 17th day of April, 2017,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE
